1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES  DISTRICT COURT**

Northern District of California

Oakland Division

ANDY NICHOLAW,

                  Plaintiff,

    v.

PETER BUSCH,

               Defendant.

_____/

No. C 11-04245 LB

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

[Re: ECF Nos. 13, 22, 29, 30]

## I. INTRODUCTION

On August 29, 2011, *pro se* plaintiff Andy Nicholaw sued San Francisco County Superior Court Judge Peter Busch ("Judge Busch") for allegedly violating 42 U.S.C. § 1983 based on actions that occurred at a July 22, 2011 hearing before Judge Busch in Superior Court.  Complaint, ECF No. 1 at 1.[1]  Mr. Nicholaw asserts underlying claims for false arrest and malicious prosecution.  *Id.*

Judge Busch moved to dismiss Mr. Nicholaw's complaint.  Motion to Dismiss, ECF No. 14 at 5. Pursuant to Civil Local Rule 7-1(b), the court finds that these matters are suitable for determination without oral argument and vacates the January 5, 2012 hearing.  For the reasons set forth below, the court GRANTS Judge Busch's motion to dismiss and DISMISSES Mr. Nicholaw's complaint WITH PREJUDICE.

## II.  BACKGROUND

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

**A. Substantive Facts**

The relevant facts, taken from Mr. Busch's complaint and documents for which Judge Busch requests judicial notice, are as follows.[2]

Mr. Nicholaw was the plaintiff in *Andy Nicholaw v. Board of Supervisors et al.,* San Francisco County Superior Court Case No. CGC-11-510985 (the "Underlying State Action"), a civil action in San Francisco County Superior Court over which Judge Busch presided.  Complaint, ECF No. 1 at 2, ¶ 5.  On July 22, 2011, Mr. Nicholaw appeared before Judge Busch at a hearing on a demurrer in the Underlying State Action.  *Id.*; RJN, ECF No. 15, Ex. C ("Transcript of Hearing").  Judge Busch granted the demurrer and explained his ruling to Mr. Nicholaw.  Complaint, ECF No. 1 at 3, ¶ 8-9; RJN, ECF No. 15, Ex. A ("Judgment in Favor of Defendant and Against Plaintiff"); Transcript of Hearing at 13-20.  During the ensuing discussion, Mr. Nicholaw raised his voice and made a vulgar comment toward Judge Busch.  Complaint, ECF No. 1 at 3, ¶ 9; Transcript of Hearing at 18.  Mr. Nicholaw then attempted to leave the courtroom but was stopped by the bailiff at Judge Busch's instruction and taken back to the bench.  Complaint, ECF No. 1 at 4, ¶ 10; Transcript of Hearing at

---

[2] Judge Busch requests that the court take judicial notice of the following documents: (1) the order sustaining defendant's demurrer in *Andy Nicholaw v. Board of Supervisors et al.,* San Francisco County Superior Court Case No. CGC-11-510985, filed on August 9, 2011; (2) the judgment in favor of defendant in *Andy Nicholaw v. Board of Supervisors et al.,* San Francisco County Superior Court Case No. CGC-11-510985, filed on August 9, 2011; (3) the reporter's transcript of the proceedings held on July 22, 2011 in *Andy Nicholaw v. Board of Supervisors et al.,* San Francisco County Superior Court Case No. CGC-11-510985; (4) the order denying writ of error in *Andy Nicholaw v. Board of Supervisors et al.,* San Francisco County Superior Court Case No. CGC-11-510985, filed on September 13, 2011; (5) the order sustaining defendant's demurrer in *Andy Nicholaw v. Jose Cisneros et al.,* San Francisco Superior Court Case No. CGC-11-509617, filed on June 14, 2011; and (6) the judgment in favor of defendant in *Andy Nicholaw v. Jose Cisneros et al.,* San Francisco Superior Court Case No. CGC-11-509617, filed on June 14, 2011. Defendant's Request for Judicial Notice ("RJN"), ECF No. 15 at 1-2 & Exs. A-F.

The court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because all of the documents are public records or are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned, the court may properly take judicial notice of the undisputable facts contained in them. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).

18.  Judge Busch warned Mr. Nicholaw that if he continued to disrupt the court, he would be held in contempt.  Complaint, ECF No. 1 at 4, ¶ 10; Transcript of Hearing at 18-19.  Mr. Nicholaw calmed down and then was allowed to leave.  Transcript of Hearing at 19-20.

As a result of this incident, Mr. Nicholaw instituted the instant action.  He alleges that he "was seized, against his will, in a bounded area without consent, by an officer of the court, and was physically injured and harmed, having been restrained and forcibly returned to face a court not having any jurisdiction at bar or over the gallery area."  Complaint, ECF No. 1 at 4, ¶ 10.  He seeks $4 million in general damages, $83 million in emotional damages, and $13 million in punitive damages.  *Id*. at 5.

**B.  Procedural History**

Mr. Nicholaw filed this lawsuit on August 29, 2011.  Complaint, ECF No. 1.  He also filed an application to proceed *in forma pauperis*, which the court granted on September 16, 2011.  Application for Leave to Proceed *In Forma Pauperis*, ECF No. 2; Order Granting Plaintiff's Application, ECF No. 6.  In granting his application, the court ordered the U.S. Marshal to serve the complaint, summons, and other relevant documents on Judge Busch.  Order Granting Plaintiff's Application, ECF No. 6 at 1.[3]

The proof of service was filed on October 21, 2011.  Proof of Service, ECF No. 12.  This document provides the following chronology: (1) the Clerk of the Court issued the summons on September 19, 2011; (2) the summons was received by the U.S. Marshal in Oakland, California on September 21, 2011, whereupon it was forwarded to the U.S. Marshal in San Francisco, California so the U.S. Marshal there could serve Judge Busch; and (3) the U.S. Marshal in San Francisco served Judge Busch one month later on October 21, 2011.

Having finally been served with the complaint and summons, rather than answering it, Judge Busch filed a motion to dismiss Mr. Nicholaw's complaint on November 14, 2011.  Motion, ECF

─────────────────────

[3] On September 19, 2011, the Clerk of the Court filed a proof of service that it had mailed a copy of the court's Order Granting Plaintiff's Application <u>to Mr. Nicholaw</u>.  Proof of Service, ECF No. 8.  Despite Mr. Nicholaw's suggestion, this document does <u>not</u> indicate that service of the complaint and summons was made <u>upon Judge Busch</u> on that date.  *See* Motion for Terminal Sanctions, ECF No. 22 at 2.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    No. 13.  A week later, Mr. Nicholaw filed a "Motion for Terminal Sanctions to Dismiss Defendant

2    Action & Render Judgment by Default against Defendant Peter Busch," which argues that Judge

3    Busch was late in responding to his complaint.  Motion for Terminal Sanctions, ECF No. 22.  A

4    week after that, Mr. Nicholaw filed a "Reply Brief," in which he reiterated his request that Judge

5    Busch's default be entered and addressed some of the arguments made in Judge Busch's motion to

6    dismiss.  Opposition, ECF No. 24.[4]  Judge Busch filed a reply brief on December 5, 2011.  Reply,

7    ECF No. 28.  In response, Mr. Nicholaw filed motion to strike Judge Busch's reply brief, arguing

8    that Judge Busch has no standing to file a reply brief because he defaulted.  Motion to Strike, ECF

9    No. 29.

10                                 **III.  LEGAL STANDARD**

11        Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

12   the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a

13   defendant with "fair notice" of the claims against it and the grounds for relief.  *See Bell Atlantic*

14   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

15        A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

16   not contain enough facts to state a claim to relief that is plausible on its face.  *See Twombly*, 550

17   U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

18   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19   *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a

20   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

21   unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule

22   12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

23   provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

24   formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

25   enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal

26   _____

27        [4] For purposes of this discussion, the court will construe Mr. Nicholaw's "Reply Brief" as his
28   opposition brief to Judge Busch's motion to dismiss.  *See* Civ. L. R. 7-3(a) (setting forth the deadline
     for a party opposing a noticed motion to file an "opposition" – as opposed to a reply – brief).

UNITED STATES DISTRICT COURT
For the Northern District of California

1   citations and parentheticals omitted).

2       In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

3   and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551

4   U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In

5   addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc.*

6   *v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the

7   complaint, it should grant leave to amend even if no request to amend is made "unless it determines

8   that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

9   F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California*

10  *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

11                                  **IV. DISCUSSION**

12  A.  Mr. Busch Timely Responded to Mr. Nicholaw's Complaint

13      Ordinarily, a defendant must answer or otherwise respond to a plaintiff's complaint within 21

14  days of being served with the complaint and summons. Fed. R. Civ. P. 12(a)(1)(A), (b). In

15  calculating this 21-day period, Federal Rule of Civil Procedure 6 instructs that the day triggering the

16  period is excluded and the last day of period is included. Fed. R. Civ. P. 6(a)(1)(A), (a)(1)(C).

17  However, "if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues

18  to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P.

19  6(a)(1)(C).

20      Here, as described above, Mr. Busch was served with the complaint and summons by the U.S.

21  Marshal on October 21, 2011. Excluding that day, the 21-day deadline fell on November 11, 2011.

22  Because November 11 was a legal holiday (Veteran's Day) as well as a Friday, Mr. Busch's time to

23  answer or respond to Mr. Nicholaw's complaint extended to Monday, November 14, 2011. Because

24  Mr. Busch filed his motion to dismiss Mr. Nicholaw's complaint on November 14, 2011, he

25  complied with Rule 12.[5]

26

27  ──────────────

28      [5] Apparently thinking that Judge Busch failed to timely answer or respond to his complaint,
    Mr. Nicholaw has requested entry of default or moved for default judgment on at least five
    occasions. 10/17/2011 Motion for Default Judgment, ECF No. 10; 11/15/2011 Motion for Default

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

B. Mr. Nicholaw's Complaint Must Be Dismissed with Prejudice

Upon review of Mr. Nicholaw's complaint and the moving papers, it is clear that Mr. Nicholaw's complaint fails, for the following reasons.

First, "[a]bsolute immunity is generally accorded to judges and prosecutors functioning in their official capacities." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (citing *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (holding that state circuit judge is immune from suit for all actions within his jurisdiction); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding that state prosecutor had absolute immunity for initiation and pursuit of criminal prosecutions, including presentation of case at trial)). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1871)).

"Recognizing these considerations, courts have extended the protections of absolute immunity to qualifying state officials sued under 42 U.S.C. § 1983." *Id.* at 923 (citing *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir.2003) (explaining that though § 1983 does not include a defense of immunity, "the Supreme Court has recognized that when Congress enacted § 1983, it was aware of a well-established and well-understood common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process") (citing *Forrester v. White*, 484 U.S. 219, 225-26 ( 1988)); *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993)). "Indeed, judicial immunity from § 1983 suits is 'viewed as necessary to protect the judicial process.'" *Id.* (quoting

Judgment, ECF No. 20; Motion for Terminal Sanctions, ECF No. 22; Request for Entry of Default, ECF No. 25; 12/9/2011 Motion for Default Judgment, ECF No. 30. As explained above, though, Judge Busch's motion to dismiss was timely filed. For this reason, the Clerk of the Court properly declined to enter default with respect to Mr. Nicholaw's first two motions for default judgment and his request for entry of default. 10/18/2011 Declination of Default, ECF No. 11; 11/18/2011 Declination of Default, ECF No. 21; 12/2/2011 Declination of Default, ECF No. 26. This reason compels the same result with respect to Mr. Nicholaw's two pending motions for default judgment by the court. Motion for Terminal Sanctions, ECF No. 22; 12/9/2011 Motion for Default Judgment, ECF No. 30. Accordingly, Mr. Nicholaw's motion for terminal sanctions and his December 9, 2011 motion for default judgment (ECF Nos. 22, 30) are DENIED. His motion to strike (ECF No. 29), which also is premised on Judge Busch's purported failure to timely file an answer, is likewise DENIED.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   *Burns v. Reed*, 500 U.S. 478, 485 (1991)).

2       It is true that absolute judicial immunity does not apply to non-judicial acts, i.e. the

3   administrative, legislative, and executive functions that judges may on occasion be assigned to

4   perform. *Forrester*, 484 U.S. at 227. But here, the acts complained of – Judge Busch's ordering of

5   the bailiff to stop Mr. Nicholaw and to bring him back to the bench and his warning that continued

6   outburst would subject Mr. Nicholaw to contempt – were clearly judicial in nature and within Judge

7   Busch's jurisdiction.[6] Judge Busch's instruction to the bailiff and his contempt warning were

8   directly related to a case pending before him and to the administration of his courtroom during a

9   motion hearing. *See Mireles v. Waco*, 502 U.S. 9, 12-13 (1991) (state court judge performed

10  "judicial act" and was entitled to judicial immunity for ordering a bailiff to use excessive force to

11  compel an attorney's appearance at a hearing). As he was functioning in his judicial capacity,

12  judicial immunity applies. The case law teaches that judicial immunity is necessary to protect the

13  judicial function. The sole remedy for judicial errors is an appeal, not a Section 1983 lawsuit for

14  damages.

15      Second, to the extent that Mr. Nicholaw's complaint may be challenging Judge Busch's

16  decisions in the Underlying State Acton, such a claim is barred by the *Rooker-Feldman* doctrine.

17  Under this doctrine, a district court lacks jurisdiction over a claim amounting to a "de facto appeal"

18  of a state court judgment, which "asserts as a legal wrong an allegedly erroneous decision by a state

19  court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d

20  1148, 1163-64 (9th Cir.2003); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

21  476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also Worldwide Church*

22  *of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) (a "United States District Court, as a court of

23  original jurisdiction, has no authority to review the final determinations of a state court in judicial

24

25  _____

26      [6] The Ninth Circuit "has identified the following factors as relevant to the determination of
    whether a particular act is judicial in nature: '(1) the precise act is a normal judicial function; (2) the
27  events occurred in the judge's chambers; (3) the controversy centered around a case then pending
    before the judge; and (4) the events at issue arose directly and immediately out of a confrontation
28  with the judge in his or her official capacity.'" *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th
    Cir. 2001) (quoting *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)).

proceedings"). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God*, 805 F.2d at 891 (citations omitted).[7]

## V.  CONCLUSION

Based on the foregoing, the court GRANTS Judge Busch's motion to dismiss.  Mr. Nicholaw's complaint is DISMISSED WITH PREJUDICE.  The Clerk of the Court shall close file.

This disposes of ECF Nos. 13, 22, 29, 30.

**IT IS SO ORDERED.**

Dated: December 22, 2011

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

[7] Judge Busch also argues that Mr. Nicholaw failed to sufficiently state a claim against him. While his argument is well-taken, the court need not reach it because Mr. Nicholaw's claims are barred for the reasons stated above.