UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| ANDY NICHOLAW,<br><br>         Plaintiff,<br>    v.<br><br>PETER BUSCH,<br><br>         Defendant.<br>_____/ | No. C 11-04245 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 33] |

## I. INTRODUCTION

Currently before the court is plaintiff Andy Nicholaw's motion for leave to file a motion for reconsideration. Motion, ECF No. 33. Having considered the moving papers, relevant legal authority, and the record in this case, the court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). For the reasons described below, the court DENIES Mr. Nicholaw's motion.

## II. BACKGROUND

On August 29, 2011, *pro se* plaintiff Andy Nicholaw sued San Francisco County Superior Court Judge Peter Busch ("Judge Busch") for allegedly violating 42 U.S.C. § 1983 based on actions that occurred at a July 22, 2011 hearing before Judge Busch in Superior Court. Complaint, ECF No. 1 at 1.[1] Mr. Nicholaw asserted underlying claims for false arrest and malicious prosecution. *Id*. Judge

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

Busch moved to dismiss Mr. Nicholaw's complaint. Motion to Dismiss, ECF No. 14 at 5. On December 22, 2011, this court granted Judge Busch's motion to dismiss with prejudice. ECF No. 31 at 1.

Mr. Nicholaw now moves the court for leave to file a motion for reconsideration of its order. Motion, ECF No. 33.[2] Judge Busch did not file any opposition to Mr. Nicholaw's motion.

### III.  LEGAL STANDARD

A district court can "reconsider" final judgments or appealable interlocutory orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989). A district court also can "reconsider" non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

Under this District's Civil Local Rules, plaintiffs must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, plaintiffs must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. *Id.*. at 7-9(b). As such, reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

---

[2] Mr. Nicholaw titled his motion as an "Objection to Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint & Request for De Novo Review." Motion, ECF No. 33 at 1. In it, Mr. Nicholaw appears to ask the court to reconsider its December 22, 2011 order granting Judge Busch's motion to dismiss. Because a party must have leave of court before filing a motion for reconsideration, the court will construe his motion as one seeking such permission. *See* N.D. Cal. Civ. L.R. 7-9.

## IV. DISCUSSION

Nowhere in Mr. Nicholaw's motion does he present newly discovered evidence or argue that there was an intervening change in controlling law since the court issued its December 22, 2011 order. Thus, Mr. Nicholaw's motion can only be understood to argue that the court's December 22, 2011 order was in clear error or manifestly unjust.

In that regard, Mr. Nicholaw has simply re-packaged the allegations he made in his initial complaint and the arguments he made in his opposition to Judge Busch's motion to dismiss. In short, Mr. Nicholaw contends that Judge Busch lacked jurisdiction over Mr. Nicholaw when he ordered him restrained in the state court demurrer hearing, that Judge Busch lacked the protections of judicial immunity for that reason, and that Judge Busch in his individual capacity failed to file a timely response to Mr. Nicholaw's federal complaint. Motion, ECF No. 33 at 4-7. The court, however, considered these arguments when reviewing Defendant's motion to dismiss and rejected them in its December 22, 2011 order. The court will not revisit them now. *See Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir. 1985) (motion for reconsideration of summary judgment is properly denied when the motion presents no arguments not already raised in opposition to summary judgment).

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion for leave to file a motion for reconsideration.

This disposes of ECF No. 33.

**IT IS SO ORDERED.**

Dated: January 27, 2012

LAUREL BEELER
United States Magistrate Judge